IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PEY, | ) Case No. 11-2922 SC |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION FOR PRELIMINARY |
| v. | ) INJUNCTION; GRANTING IN |
| | ) PART AND DENYING IN PART |
| WACHOVIA MORTGAGE CORPORATION; | ) DEFENDANTS' MOTION TO |
| WELLS FARGO BANK, N.A.; and NDEX | ) DISMISS |
| WEST, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## I.   **INTRODUCTION**

This lawsuit involves a mortgage loan Plaintiff Richard Pey ("Plaintiff" or "Pey") obtained in August 2006 to refinance his Oakland, California home, and the subsequent attempt at foreclosure by Defendants Wachovia Mortgage Corporation ("Wachovia Mortgage"), Wells Fargo, N.A. ("Wells Fargo") (collectively, "Wachovia")[1] and NDeX West, LLC ("NDeX") when Plaintiff stopped making mortgage payments.

On August 19, 2011, Plaintiff filed a Motion for a Preliminary Injunction seeking to bar the foreclosure sale of his home, which

---

[1] As explained below, Wachovia Mortgage Corporation merged with Wells Fargo, N.A., in November 2009.  Therefore, the Court hereinafter refers to Wachovia Mortgage Corporation and Wells Fargo, N.A., collectively as "Wachovia."

1   was scheduled for September 26, 2011.  ECF Nos. 24 ("Pl.'s Mot.").

2   Wachovia filed an Opposition, and Plaintiff filed a Reply.  ECF

3   Nos. 31 ("Opp'n"), 41 ("Reply").  On September 12, 2011, Wachovia

4   filed a Motion to Dismiss, which NDeX joined.  ECF Nos. 37 ("MTD"),

5   39 ("NDeX Not. of Join.").  The MTD is also fully briefed.  ECF

6   Nos. 48 ("MTD Opp'n"), 49 ("MTD Reply").

7       For the following reasons, the Court DENIES Plaintiff's Motion

8   for a Preliminary Injunction.  The Court GRANTS IN PART and DENIES

9   IN PART Defendants' Motion to Dismiss.

10

11  **II.   BACKGROUND**

12      **A.   Procedural Background**

13      On May 26, 2011, Plaintiff filed this action in the Superior

14  Court of California, County of Alameda, asserting seven claims: (1)

15  violation of California's Unfair Competition Law ("UCL"), Business

16  and Professions Code §§ 17200 et seq.; (2) fraudulent omissions;

17  (3) breach of contract; (4) breach of the covenant of good faith

18  and fair dealing; (5) violation of California Civil Code § 2923.5;

19  (6) wrongful foreclosure; and (7) declaratory relief.  ECF No. 1

20  ("Notice of Removal") Ex. A ("Compl.").  Wachovia removed the case

21  to federal court on June 14, 2011.  Notice of Removal.  On August

22  25, 2011, Plaintiff filed a First Amended Complaint asserting the

23  same seven claims.  ECF No. 28 ("FAC").

24      **B.   Plaintiff's Allegations**

25      Plaintiff alleges that on August 11, 2006, he took out a loan

26  in the amount of $450,000 from World Savings Bank, FSB ("World

27  Savings") to refinance his home located at 2530 25th Avenue,

28

United States District Court
For the Northern District of California

2

Oakland, California ("the Property").[2]  FAC ¶¶ 2, 17.  The Note was secured by a Deed of Trust against the Property.  Pey Decl. Ex. 1 ("Deed of Trust").[3]  The Note provides for an adjustable rate mortgage loan ("ARM") and bears the title "Pick-A-Payment Loan." Pey Decl. Ex. 2 ("Note").

Pey's central allegation is that Wachovia failed to disclose that the ARM was guaranteed to result in negative amortization if Pey followed the payment schedule set out in his loan documents. See FAC ¶ 1.  When Pey obtained his loan, Wachovia gave him a Truth in Lending Disclosure Statement ("TILDS").  Pey Decl. Ex. 3 ("TILDS").  The TILDS contained a ten-year payment schedule that provided for monthly payments ranging from $1,553.05 to $2,977.56. Id.  It then provided for the final 240 payments over the life of the loan to be $4,043.00.  Id.  The TILDS indicated that the annual percentage interest rate ("APR") on the loan was 7.107 percent. Id.  The Note, by contrast, indicated that the APR was 6.84 percent.  See Note.

Pey alleges that neither the TILDS nor the other loan documentation he received disclosed: (1) the actual interest rate

---

[2] Wachovia asks the Court to take judicial notice of four government documents that establish the following: (1) World Savings Bank, FSB, is a federal savings bank; (2) World Savings Bank, FSB became Wachovia Mortgage, FSB in November 2007; (3) Wachovia Mortgage, FSB is a federally chartered bank subject to the Home Owner's Loan Act ("HOLA"); and (4) Wachovia Mortgage, FSB merged with Wells Fargo, N.A. in November 2009.  ECF No. 33 ("RJN").  Plaintiff does not oppose the RJN.  Because these facts are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, the Court GRANTS Wachovia's request pursuant to Federal Rule of Evidence 201(b).

[3] Pey filed a declaration in support of the Motion for Preliminary Injunction.  ECF No. 24-1.

3

on which the payments in the TILDS are based; (2) that the payment amounts listed in the TILDS payment schedule are insufficient to pay both principal and interest; and (3) that following the payment schedule is guaranteed to result in the principal balance of the loan increasing over time, a process known as "negative amortization." FAC ¶ 1.

Pey further alleges that the Note states that each payment would be applied to both principal and interest, when in fact none of his payments have gone toward principal. Id. ¶ 18. He alleges that he reasonably believed "that he would be able to refinance his loan and get a new loan before his scheduled payment significantly increased." Id. ¶ 17. However, he alleges, the payments listed for the first ten years of the payment schedule were not in fact based on the APR listed in the TILDS. Id. ¶ 18. Rather, they were based on a "teaser rate" instead and were therefore "insufficient to pay all of the interest due, let alone both principal and interest, which was absolutely certain to result in negative amortization." Id.; Mot. at 19. Pey alleges that "Defendants failed to disclose . . . that due to the negative amortization that was purposefully built into [the loan], Plaintiff would be unable to refinance his home as there would be little or no equity left to refinance." FAC ¶ 17.

After this case was removed to federal court, a Wachovia representative contacted Plaintiff and asked him to submit paperwork to be considered for a loan modification. Pey Decl. ¶ 14. Pey declares that he submitted all of the requested paperwork but did not hear back from Wachovia despite repeated attempts to contact its representative. Id. ¶ 15.

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1    Pey fell into default on his loan in the spring of 2009, when

2   his monthly payments doubled from $1,800 to $3,600.[4]   Pey Decl. ¶¶

3   9-10.   On September 8, 2009, NDeX, as trustee for Wachovia,

4   recorded a Notice of Default and Election to Sell Under the Deed of

5   Trust with the Alameda County Recorder's Office.   Pey Decl. Ex. 4

6   ("Notice of Default").   The Notice of Default indicates that

7   Plaintiff was in arrears of $30,586.65 at that time.   Id.   A

8   trustee's sale of the Property was scheduled for September 26,

9   2011.   Pey Decl. ¶ 16.   On August 11, 2011, Plaintiff filed the

10   instant Motion for a Preliminary Injunction to bar the foreclosure

11   sale.   See Pl.'s Mot.

12       **C.   The Hearing on Plaintiff's Motion**

13       On September 23, 2011, the Court held a hearing on Plaintiff's

14   Motion.   See ECF No. 52 ("Sep. 23, 2011 Tr.").   Plaintiff testified

15   extensively.   Id.   Most of the hearing focused on: (1) whether

16   Wachovia had complied with California Civil Code § 2923.5 by

17   attempting to contact Plaintiff to explore options other than

18   foreclosure, and (2) whether Plaintiff had provided the necessary

19   documentation to Wachovia in conjunction with Plaintiff's

20   application for a loan modification.   Id.   Because the parties

21   could not agree as to whether Plaintiff had provided the necessary

22   paperwork in support of his loan modification application, the

23   Court ordered the parties to meet and confer, ensure that Plaintiff

24   _____

25   [4] Plaintiff argues that he fell in default on the loan "solely
    because Wachovia paid the plaintiff's property tax bill while the
26   plaintiff was in the midst of negotiating with the Alameda County
    Assessor's Office to lower the assessed value because the property
27   had been assessed at an artificially high rate."   Mot. at 4.
    Wachovia argues that Plaintiff's default on the loan forced
28   Wachovia to pay the property taxes to avoid a tax lien.   MTD at 2.

United States District Court
For the Northern District of California

1  provided all of the documents Wachovia required, and discuss

2  whether modification of Plaintiff's loan might be in the interests

3  of both parties.  Id.  The Court ordered the parties to report

4  within thirty days whether they were able to reach a modification

5  agreement.  The Court postponed the trustee's sale pending the

6  outcome of the parties' negotiations and, if necessary, the Court's

7  ruling on Plaintiff's Motion.  Id. at 42:6-17.

8      On October 26, 2011, Wachovia filed a report explaining that,

9  having received and considered all necessary financial records from

10  Plaintiff, modification of Plaintiff's loan was not a feasible

11  option.  ECF No. 50 ("Wachovia Rep.").  Wachovia explained that,

12  even if it reduced the principal of Plaintiff's loan from $507,118

13  to $400,000, extended the life of the loan to forty years, and

14  fixed the interest rate as low as two percent, the monthly payment

15  would still exceed thirty-one percent of Plaintiff's monthly

16  income, and therefore, would exceed an acceptable debt-to-income

17  ratio for modification under both Wachovia's internal standards and

18  federal Home Affordable Modification Program ("HAMP") standards.

19  Supp. Dolan Decl. ¶¶ 5-12.[5]

20      Having resolved whether modification of Plaintiff's loan could

21  potentially resolve the need for further litigation in this case,

22  the Court now proceeds to address the instant motions.  The Court

23  first addresses Plaintiff's Motion for a Preliminary Injunction and

24  then proceeds to address Defendants' Motion to Dismiss.

25  ///

26  ///

27

28

---

[5] Michael Dolan ("Dolan"), Operations Analyst for Wachovia, submitted a declaration in support of Wachovia's Report.  ECF No. 50-2 ("Supp. Dolan Decl.").

6

**United States District Court**
For the Northern District of California

**III. <u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

    **A.   <u>Legal Standard</u>**

    Federal Rule of Civil Procedure 65 permits the issuance of a preliminary injunction to preserve the positions of the parties until a full trial can be conducted. <u>LGS Architects, Inc. v. Concordia Homes</u>, 434 F.3d 1150, 1158 (9th Cir. 2006). To warrant injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council</u>, 129 S. Ct. 365, 374 (2008). Within the Ninth Circuit, these elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, where the Plaintiff's proof of likelihood of success is limited to raising "serious questions going to the merits," but the balance of hardships tips sharply in Plaintiff's favor, a preliminary injunction may be appropriate. <u>Id.</u>

    **B.   <u>Discussion</u>**

    Plaintiff has the burden of, at a minimum, raising "serious questions going to the merits" of his claims in order to warrant preliminary injunctive relief. <u>Id.</u> For the following reasons, the Court finds that Plaintiff has not met this burden and therefore DENIES Plaintiff's Motion.

    Although Plaintiff's FAC contains seven claims, he only bases his Motion on three of these claims. First, he argues that Defendants failed to comply with California Civil Code section

2923.5 ("section 2923.5"), and contends that this renders the Notice of Default invalid.  Mot. at 8.  Second, he argues that Wachovia fraudulently concealed the fact that negative amortization was guaranteed to occur if Plaintiff followed the TILDS payment schedule.  Id. at 13.  Third, he argues that Wachovia violated the UCL by failing to make certain disclosures and by "making the terms of the loan so obfuscating that an ordinary consumer could not possibly understand them."  Id. at 21.  Lastly, although not explicitly based on any of the claims in his FAC, Plaintiff argues that Wachovia breached a settlement agreement it entered into with the State of California, pursuant to which Wachovia promised to expeditiously offer loan modifications to customers who were sold "pick-a-payment" loans.  Mot. at 2; Reply at 2.

### 1.   Section 2923.5 claim

Section 2923.5 requires "before a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure."  Mabry v. Super. Ct., 185 Cal. App. 4th 208, 213 (Cal. Ct. App. 2010).  If the lender is unable to actually reach the borrower, then it may comply with the statute by meeting certain "due diligence" requirements in attempting to contact the borrower.  Cal. Civ. Code § 2923.5(a)(1).[6]  The lender's obligation

---

[6] In order to perform due diligence, as defined in the statute, a lender must do all of the following: send the borrower a letter by first-class mail that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency; attempt to contact the borrower by telephone at least three times at different hours and on different days; send a certified letter with return receipt requested; provide a means for the borrower to contact the lender in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours; and include a "prominent" link on its

**United States District Court**
For the Northern District of California

to "assess" the borrower's financial situation and "explore" options to avoid foreclosure can be satisfied by simply asking the borrower "why can't you make your payments?" and "telling the borrower the traditional ways that foreclosure can be avoided (e.g., deeds 'in lieu,' workouts, or short sales)." <u>Mabry</u>, 185 Cal. App. 4th at 232.  The statute does not place a duty on the lender "to become a loan counselor itself." <u>Id.</u> at 219.  "The remedy for non-compliance [with section 2923.5] is a simple postponement of the foreclosure sale, nothing more." <u>Id.</u> at 214.

Here, Plaintiff submitted a sworn declaration stating that he was never contacted in person or by telephone by any Wachovia representative to explore his options to avoid foreclosure before the Notice of Default was recorded.  Pey Decl. ¶ 12.  Wachovia provided a declaration stating that its representatives attempted to contact Plaintiff by telephone on seven different days in October 2008.  Dolan Decl. ¶ 3(a).[7]  Dolan further declares that Wachovia sent letters to Plaintiff by certified mail on November 20 and 25, 2008.  <u>Id.</u> ¶ 3(c).  Signed copies of certified mail receipts bearing Plaintiff's address are attached to the declaration.  <u>Id.</u> Exs. A-B.  Dolan declares that Wachovia again tried to contact Plaintiff by telephone nine times in February 2009 and sent Plaintiff another letter by certified mail on March 5, 2009.  <u>Id.</u> ¶¶ 3(d)-(e).  A copy of the certified mail receipt for the March 2009 letter is attached to the declaration, but it is not signed.  <u>Id.</u> Ex. C.  Plaintiff declares that he "never received any

---

Internet homepage that provides options available to borrowers unable to afford their mortgage.  <u>Id.</u> § 2923.5(g).

[7] Dolan also filed a declaration in opposition to Plaintiff's Motion.  ECF No. 29 ("Dolan Decl.").

**United States District Court**
For the Northern District of California

1    certified letters [from Defendants] in the summer of 2009." Pey

2    Decl. ¶ 12.

3         At the September 23, 2011 hearing, the Court asked Plaintiff

4    about Wachovia's contentions that it had contacted him via

5    telephone and certified mail. Plaintiff stated that: "They called

6    me, but they never mentioned anything about loan modification. It

7    was about payments." Sep. 23, 2011 Tr. at 17:17-19. He testified

8    that he brought up the issue of loan modification in these

9    telephone conversations. Id. at 17:20-25. With regard to whether

10   he received certified letters from Wachovia, Plaintiff testified

11   that he received one or two "certified letters in regards of -- of

12   a letter that's telling about making a payment, but never any

13   certified letters in regards to the loan modification." Id. at

14   27:21-23. He described the letters as saying, "'You have been past

15   due' or whatnot, 'and can you make this payment of' -- whatsoever."

16   Id. at 28:8-10. He testified that the letters contained additional

17   information that he cannot recall as well as a phone number where

18   he could reach a Wachovia loan representative.

19        In sum, Plaintiff testified that he received phone calls and

20   certified letters from Wachovia regarding his loan, but that these

21   calls and letters did not offer him the option of loan

22   modification. He admits that modification discussions took place

23   but contends that he broached the subject. He also characterizes

24   the certified letters as demands for payment, but he concedes that

25   the letters contained additional information that he cannot recall

26   as well as a telephone number for a Wachovia representative. Based

27   on Plaintiff's testimony and the documentary evidence submitted by

28   Wachovia, it appears likely that Wachovia satisfied its duties

10

**United States District Court**
For the Northern District of California

1  under section 2923.5.  At a minimum, Plaintiff has failed to meet

2  his burden of raising "serious questions going to the merits" of

3  his claim.

4              2.   Fraudulent Omission and UCL Claims

5      Plaintiff argues that Defendants committed fraud by concealing

6  the fact that his loan was a "negative amortization loan."  Mot. at

7  13, 17.  He also alleges that Defendants violated all three

8  "prongs" of the UCL by engaging in unlawful, unfair, and fraudulent

9  business practices.  Plaintiff argues that Defendants' conduct was

10 unlawful because they failed to make certain disclosures required

11 by the Truth in Lending Act ("TILA").  He argues that their conduct

12 was unfair and fraudulent because the terms of the loan were

13 deliberately obfuscated so that no ordinary consumer could

14 understand them.  Mot. at 21.

15     Defendants argue in response that Plaintiff's UCL and

16 fraudulent omissions claims are barred by the doctrine of res

17 judicata due to a recent class action settlement and judgment in In

18 re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices

19 Litig., No. 5:09-md-02015-JF, 2011 U.S. Dist. LEXIS 55351 (N.D.

20 Cal. May 17, 2011) ("In re Wachovia Corp.").  As the Court explains

21 more fully in section IV.B.1 below, the Court agrees with

22 Defendants.  Accordingly, Plaintiff cannot show "serious questions

23 going to the merits" of his UCL and fraudulent omissions claims.

24              3.   Alleged Breach of Settlement Agreement with the

25                   State of California

26     Lastly, Plaintiff argues that Wachovia breached its settlement

27 with the State of California, entered into on December 21, 2010, by

28 failing to contact Plaintiff regarding loan modification until

1   after he filed this lawsuit.  Reply at 2; Pey Decl. Ex. 5

2   ("Assurance Agreement").  Defendant argues that this claim fails as

3   a matter of law because the settlement agreement expressly states

4   that it does not create a private right of action.

5       The Court agrees with Defendant.  The settlement agreement

6   states "[t]his Assurance is not intended to confer upon any person

7   any rights or remedies, including rights as a third party

8   beneficiary."  Assurance Agreement at 25.  It further states,

9   "[t]his Assurance is not intended to create a private right of

10  action on the part of any person or entity other than the parties

11  hereto."  Id. at 26.  As Plaintiff is not a party to the agreement,

12  he cannot state a breach of contract claim based on Wells Fargo's

13  alleged failure to comply with its terms.

14      Because Plaintiff has failed to show a likelihood of success

15  on the merits, or even to raise serious questions going to the

16  merits, of any of his claims, he has failed to satisfy the first

17  requirement for a preliminary injunction under Winters.

18  Accordingly, the Court need not address whether Plaintiff has

19  satisfied the remaining Winters factors.  Plaintiff's Motion is

20  DENIED.

21

22  **IV.  DEFENDANTS' MOTION TO DISMISS**

23      **A.   Legal Standard**

24      A motion to dismiss under Federal Rule of Civil Procedure

25  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

26  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

27  on the lack of a cognizable legal theory or the absence of

28  sufficient facts alleged under a cognizable legal theory."

**United States District Court**
For the Northern District of California

1  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

2  1988). "When there are well-pleaded factual allegations, a court

3  should assume their veracity and then determine whether they

4  plausibly give rise to an entitlement to relief." Ashcroft v.

5  Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a

6  court must accept as true all of the allegations contained in a

7  complaint is inapplicable to legal conclusions. Threadbare

8  recitals of the elements of a cause of action, supported by mere

9  conclusory statements, do not suffice." Id. (citing Bell Atl.

10 Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made

11 in a complaint must be both "sufficiently detailed to give fair

12 notice to the opposing party of the nature of the claim so that the

13 party may effectively defend against it" and "sufficiently

14 plausible" such that "it is not unfair to require the opposing

15 party to be subjected to the expense of discovery." Starr v. Baca,

16 633 F.3d 1191, 1204 (9th Cir. 2011).

17     **B.    Discussion**

18     As noted above, Plaintiff's FAC asserts seven claims: (1)

19 violation of California's UCL (against all Defendants); (2)

20 fraudulent omissions (against Wachovia); (3) breach of contract

21 (against Wachovia); (4) breach of the covenant of good faith and

22 fair dealing (against Wachovia); (5) violation of California Civil

23 Code § 2923.5 (against all Defendants); (6) wrongful foreclosure

24 (against all Defendants); and (7) declaratory relief (against all

25 Defendants). Defendants argue that all seven claims should be

26 dismissed.

27     For the following reasons, the Court GRANTS IN PART and DENIES

28 IN PART Defendants' Motion.

**United States District Court**
For the Northern District of California

1.   <u>Res Judicata Effect of Class Action Settlement</u>

On May 17, 2011, Judge Fogel of this district granted final approval of a multi-district class action settlement encompassing as class members all persons who entered into "Pick-a-Payment" loans issued by Wachovia between August 1, 2003 and December 31, 2008.  <u>In re Wachovia Corp.</u>, 2011 U.S. Dist. LEXIS 55351, at *6. After approving the settlement, the Court entered judgment, dismissing the action with prejudice.  09-02015 ECF No. 208.  Like Pey, Plaintiffs in the case argued that the loans violated the TILA and various state laws because the relevant loan documents failed to make adequate disclosures regarding the certainty of negative amortization, the actual payment schedules, the interest rates on which these schedules were based, and the full terms of the parties' legal obligations.  <u>Id.</u> at *5.

Wachovia argues that Plaintiff's claims, except his section 2923.5 claim,[8] are barred by the doctrine of res judicata as a result of the judgment in <u>In re Wachovia Corp</u>.  MTD at 2-4. Plaintiff does not dispute that he was a member of one of the settlement classes[9] and did not opt out; rather, he contends that he did not receive actual notice of the proposed settlement and therefore was not afforded the opportunity to opt out.  MTD Opp'n

---

[8] In their MTD, Defendants argue that all of Plaintiff's claims are precluded.  However, in their Supplemental Opposition to Plaintiff's Motion for Preliminary Injunction they concede that Plaintiff's section 2923.5 claim is not barred by the settlement in <u>In re Wachovia Corp.</u>  ECF No. 54 ("Defs.' Supp. Opp'n") at 4.

[9] Judge Fogel certified three classes, consisting of persons who had entered into but no longer hold the loans at issue, persons who hold the loans but are not in default, and persons who hold the loans and are in default.  Plaintiff falls into the latter category.

14

**United States District Court**
For the Northern District of California

at 22.   Defendants argue in reply that Plaintiff is bound by the judgment even if he did not receive actual notice of the settlement.   MTD Reply at 2.   The Court agrees with Defendants in part and finds that some, but not all, of Plaintiff's claims are precluded by the settlement in In re Wachovia Corp.

Under the doctrine of res judicata, "a prior valid judgment operates as an absolute bar to a second suit between the same parties or their privies based on the same cause of action not only in respect of every matter actually litigated, but also as to every ground of recovery or defense which might have been presented." Mirin v. Nevada ex rel., Public Serv. Comm'n, 547 F.2d 91, 94 (9th Cir. 1976).   Res judicata applies even in cases where the prior judgment was a class action settlement.   Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 648-49 (N.D. Cal. 1978) (noting that "restricting the res judicata effect of class action settlements would lessen a defendant's incentive to settle.").   Indeed, the "very purpose of the procedural safeguards set forth in [Federal Rule of Civil Procedure 23] is to mitigate the sometimes harsh consequences of res judicata by requiring that representation, and, where applicable, notice be adequate."   Id.

Whether Plaintiff received actual notice of the settlement is irrelevant to whether his claims are precluded by the judgment in In re Wachovia Corp.   Due process requires a class member receive "notice plus an opportunity to be heard and participate in the [prior] litigation" before the judgment can be found to bind him. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811 (1985) ("Shutts").   However, the Ninth Circuit has held that this does not entitle a class member to "actual notice," but rather to the best

United States District Court
For the Northern District of California

notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard. Silber v. Mabon, 18 F.3d 1449, 1453-54 (9th Cir. 1994) (holding that absent class member's due process rights were not violated where he did not receive notice of settlement in time to opt out, and noting that "[w]e do not believe that Shutts changes the traditional standard for class notice from 'best practicable' to 'actually received' notice") (internal quotations omitted). Indeed, allowing absent class members to easily escape the preclusive effect of settlement by claiming that they did not receive actual notice would undermine the ability of the class action mechanism to prevent numerous identical suits with potentially inconsistent results.

In In re Wachovia Corp., notice was sent to class members via U.S. mail, and additional notice was published on the Internet and in USA Today. Judge Fogel concluded that these were the best practicable means of informing class members of their rights under the settlement. In re Wachovia Corp., 2011 U.S. Dist. LEXIS 55351, at *11; see also Silber, 18 F.3d at 1453 (affirming district court's conclusion that notice by direct mail and publication was best practicable notice). Plaintiff does not contend that the notice procedure approved by Judge Fogel failed to satisfy Rule 23 or due process. He cannot escape the preclusive effect of the settlement simply by arguing that he did not receive actual notice.

The Court's conclusion that Plaintiff is bound by the judgment in In re Wachovia Corp., however, does not necessarily mean that every one of his claims in the instant case is barred. Res judicata bars "any subsequent suit on claims that were raised or

**United States District Court**
For the Northern District of California

could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2010). Plaintiff's first four claims were raised in the class action and fall squarely within those dismissed by Judge Fogel pursuant to the settlement agreement.[10]  As noted above, however, Wachovia concedes that Plaintiff's claim for violation of section 2923.5 is not precluded.  Moreover, Pey's claim for wrongful foreclosure is not precluded because it could not have been raised in the class action.  A claim for wrongful foreclosure requires the occurrence of a foreclosure sale, Vega v. JP Morgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009), and the settlement classes did not include individuals who lost their homes as a result of foreclosure.  In re Wachovia Corp., 2011 U.S. Dist. LEXIS 55351, at *6-7.  Lastly, as explained further below, Plaintiff's claim for declaratory relief is only precluded to the extent that it seeks a declaration of the parties' legal rights with respect to the first four claims.

In sum, Plaintiff's first, second, third, and fourth claims are precluded by the judgment in In re Wachovia Corp. and are therefore DISMISSED WITH PREJUDICE.[11]  The Court proceeds to

---

[10] Indeed, the Plaintiff in Mandrigues v. World Sav., Inc., No. C 07-04497 JF, which was the lead action in the consolidated actions that comprised In re Wachovia Corp., raised claims identical to Pey's first four claims.  See 07-04497 ECF No. 24 ("Mandrigues SAC").

[11] Plaintiff asserts his first claim for violation of the UCL against both Wachovia and NDeX.  Because NDeX was not a party to the settlement in In re Wachovia Corp., Plaintiff's UCL claim is not barred by the settlement as it pertains to NDeX.  However, Plaintiff alleges no facts to support a UCL claim against NDeX. Plaintiff's sole allegation pertaining to NDeX is the allegation that Wachovia, through its agent NDeX, recorded a Notice of Default.  FAC ¶ 43.  NDeX is not mentioned in any of the forty-

1    address his fifth, sixth, and seventh claims.

2              2.    Violation of Section 2923.5 (Claim 5)

3         Defendants argue that Plaintiff's claim for violation of

4    section 2923.5 should be dismissed because: (1) it is preempted by

5    HOLA; (2) the Notice of Default shows that Wachovia complied with

6    section 2923.5; and (3) Plaintiff has already received the remedy

7    provided by section 2923.5.   Plaintiff disputes these arguments.

8    The Court agrees with Plaintiff.

9         The California Court of Appeal has narrowly interpreted

10   section 2923.5 "as to avoid having the state law invalidated by

11   federal preemption." Mabry, 185 Cal. App. 4th at 231.   The Ninth

12   Circuit has not ruled on this question, and district courts within

13   the Ninth Circuit have come down on different sides of the issue.

14   See Loder v. World Savings Bank, No. 11-0053, 2011 WL 1884733, at

15   *3 (noting that most district courts have found section 2923.5

16   preempted, but expressing concern "that such a broad interpretation

17   of what it means to 'service' or 'participate in' a mortgage could

18   operate to preempt most all California foreclosure statutes where

19   the foreclosing entity is a national lender").   Specifically, this

20   Court has held that HOLA does not preempt section 2923.5 as

21   narrowly construed in Mabry.   See Shaterian v. Wells Fargo Bank,

22   No. C-11-920 SC, 2011 U.S. Dist. LEXIS 62165, at *14 n.8 (N.D. Cal.

23   June 10, 2011).   For the same reasons, the Court finds here that

24   HOLA does not preempt Plaintiff's section 2923.5 claim.

25        Defendants next argue that they have complied with section

26   _____

27   eight paragraphs that provide the allegations underpinning
     Plaintiff's UCL claim.   See FAC ¶¶ 44-92.   Accordingly, the Court
28   dismisses Plaintiff's UCL claim as it pertains to NDeX as well as
     Wachovia.

2923.5 because the Notice of Default purportedly complies with section 2923.5(b), which requires a Notice of Default to include a declaration that the mortgagee has contacted the borrower or satisfied the due diligence requirements of 2923.5(g).  Defendants failed to include the Notice of Default in their Request for Judicial Notice, so the Court cannot properly determine whether or not it did in fact contain the declaration required by section 2923.5(b).[12]  Regardless, whether Defendants attached a declaration to the Notice of Default as required by section 2923.5(b) has no bearing on whether they actually complied with the requirements of section 2923.5(a) by contacting Pey or exercising due diligence in an attempt to contact him.  Defendants cannot prove compliance with section 2923.5 simply by pointing to a declaration on the Notice of Default.

Lastly, Defendants argue that, because the Court postponed the trustee's sale formerly scheduled for September 26, 2011, Plaintiff has already received the relief to which he would be entitled under section 2923.5.  This argument fails because the remedy for violation of section 2923.5 is not merely a postponement of the foreclosure sale, but rather a postponement of the sale until the foreclosing party complies with the statute.  Because the Court cannot determine, based on the pleadings or judicially noticed documents, whether Defendants complied with all aspects of section

---

[12] Defendants' MTD refers the Court to Exhibit F of Defendants' Request for Judicial Notice ("RJN"), claiming that Exhibit F is a copy of the Notice of Default at issue in this case.  MTD at 15. Exhibit F is not the Notice of Default.  See ECF No. 38.  The Notice of Default is not included in Defendants' RJN.  Even if it were, however, Defendants' argument would still fail as explained above.

United States District Court

For the Northern District of California

2923.5, the Court cannot conclude at this stage that Plaintiff has received all the relief to which he would be entitled if he were to succeed on his section 2923.5 claim.[13]

Accordingly, Defendants' MTD is DENIED with regard to Plaintiff's section 2923.5 claim.

### 3.   Wrongful Foreclosure (Claim 6)

Defendants argue that Plaintiff's wrongful foreclosure claim fails because no foreclosure sale has taken place.  Plaintiff does not offer a cogent response to this argument.  The Court agrees with Defendants.  "[A] purported wrongful foreclosure claim is premature [when] there has been no foreclosure of the property." Vega v. JP Morgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) (citing Munger v. Moore, 11 Cal. App. 3d 1, 7 (Cal. Ct. App. 1970)).  Plaintiff thus fails to state a claim for wrongful foreclosure because he does not allege that a foreclosure sale has taken place.  Plaintiff is unable to cure this defect because, per the Court's order at the September 23, 2011 hearing, no foreclosure sale has occurred.  Accordingly, the Court DISMISSES Plaintiff's wrongful foreclosure claim WITH PREJUDICE.

### 4.   Declaratory Relief (Claim 7)

Pey's seventh claim seeks a declaration concerning the rights and duties of the parties with respect to his first six claims. This claim is ultimately a request for relief rather than an

---

[13] In ruling on Defendant's MTD, the Court cannot consider the testimony given by Plaintiff at the hearing on Plaintiff's Motion for a Preliminary Injunction.  As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  Exceptions to this rule exist with regard to material properly submitted with the complaint, materials of uncontested authenticity upon which the complaint necessarily relies, and materials properly subject to judicial notice.  Id.

1  independent claim, and Pey is not entitled to such relief absent a

2  viable underlying claim.  See Lomboy v. SCME Mortg. Bankers, C-09-

3  1160 SC, 2009 U.S. Dist. LEXIS 44158, at *8 (N.D. Cal. May 26,

4  2009).  Accordingly, the Court DISMISSES Pey's claim for

5  declaratory relief to the extent it seeks a declaration concerning

6  any of Pey's claims other than his claim for violation of section

7  2923.5.

8

9  **V.  <u>CONCLUSION</u>**

10      Based on the foregoing, Plaintiff Richard Pey's Motion for a

11  Preliminary Injunction is DENIED.  The Motion to Dismiss filed by

12  Defendants Wachovia Mortgage Corporation and Wells Fargo, N.A., and

13  joined by NDeX West, LLC, is GRANTED IN PART and DENIED IN PART.

14      Defendants' Motion to Dismiss is GRANTED as to Plaintiff's

15  first, second, third, fourth, and sixth claims, and these claims

16  are DISMISSED WITH PREJUDICE.  Defendants' Motion to Dismiss is

17  DENIED as to Plaintiff's fifth and seventh claims.

18      The hearing scheduled for November 18, 2011, is hereby

19  VACATED.  The parties shall appear for a case management conference

20  on December 9, 2011, at 10:00 a.m. in Courtroom 1, on the 17th

21  floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA

22  94102.  The parties shall file a joint case management statement at

23  least seven (7) days prior to the conference.

24

25      IT IS SO ORDERED.

26

27  Dated: November 15, 2011



28                              UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California